# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

FILED BY ____ D.C.

05 OCT 28 PM 3: 31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

REGENIA BROOKS AND BRUCE BROOKS,
      Plaintiffs,

VS.

NO. 2:05-cv-02646-SHM-dkv

OLIVE GARDEN ITALIAN RESTAURANT-1553,
and GMRI, Inc.
      Defendants.

## PROTECTIVE ORDER

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

Upon consideration of the Parties' Joint Motion for a Protective Order concerning certain information and documents to be disclosed during discovery, which Plaintiffs Regenia Brooks and Bruce Brooks or Defendant GMRI, Inc. d/b/a The Olive Garden claims is confidential information, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED:

1.    During a lawsuit, each Party has to provide information (like documents, answers to written questions and deposition testimony) that the other Party asks for. This Order means that, if either Plaintiffs or Defendant says that the information provided is confidential, the information cannot be shown to anyone or used for any purpose other than this lawsuit. This Order gives the details of the nondisclosure requirement.

2.    The Parties may designate written material as Confidential Information by marking each page containing Confidential Information with the word "Confidential."

1



This document entered on the docket sheet in compliance 10-31-05

3.  Confidential Information can be used consistent with the terms of this Order, including use during pretrial discovery, at the trial or preparation for trial, and any appeals of this lawsuit.

4.  This Order does not affect Plaintiffs's use of their own Confidential Information and does not affect Defendant's use of its own Confidential Information.

5.  If Confidential Information will be revealed in a deposition, the Parties may state on the record that the material is Confidential Information at the time it is used. After information is designated as "Confidential" during a deposition, the part of the deposition containing Confidential Information is subject to this Order.

6.  Confidential Information is only to be produced to the Parties and their attorneys in this action, all of whom have agreed to be bound and are bound by the terms of this Order.

7.  The Confidential Information and its contents are not to be disclosed to any other person without the agreement of the Party designating the information as "Confidential." The Parties may disclose Confidential Information or its contents to the following persons for use in connection with this lawsuit under the following conditions:

    (a)  Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

    (b)  Consultants retained by the parties in this action;

    (c)  Any person who is an officer, director or employee of any copying, reproduction or litigation document handling service whom the Parties specifically authorizes to work on this case;

    (d)  Any person from whom testimony is being taken, has been taken or is

reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony;

  (e) The Court before which this action is pending; and

  (f) Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

  8. Each consultant who has been shown or given access to Confidential Information, or information derived therefrom, shall sign a statement acknowledging that he or she has read a copy of this Order and agrees to be bound by the Order. An example of the statement is attached as Exhibit A. The signed statement shall be kept by the Party who provides the Confidential Information to the consultant.

  9. When a Party receives information identified as "Confidential" this does not mean that the Party receiving the Confidential Information admits that any particular discovery material contains or reflects any Confidential Information under applicable law.

  10. In the event a Party disagrees with the other Party's designation of documents as Confidential, then the Party shall first try to resolve the issue with the other Party. If unsuccessful, the Party disagreeing with the designation may seek an order from this Court declaring specific documents to be removed from this Protective Order and no longer treated as Confidential.

  11. Each Party has the right to object to the production of documents which the Party considers not subject to discovery or protected from or limited in discovery on the basis of privilege or otherwise.

  12. Each Party has the right to seek a Court determination regarding whether particular discovery materials should be produced.

13. Each Party has the right to apply to the Court for any additional protection regarding the confidentiality of information as that Party believes is appropriate.

14. The Party claiming information is Confidential may agree to release any of the Confidential Information from the requirements of this Order by doing so in writing. No Court approval is needed for a Party to release any Confidential Information from the requirements of this Order.

15. The confidentiality provisions of this Order still remain in effect after any settlement, judgment, or other disposition or conclusion of this lawsuit, including all appeals. This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

16. After this lawsuit is resolved, including all appeals, either Party may request in writing that the other Party return all Confidential Information and all copies to the Party who provided the Confidential Information. Each Party has 30 days from the date of the written request to return the Confidential Information.

17. Either Party may request that this Order be modified at any time. This Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**IT IS SO ORDERED.**

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

DATE: October 28, 2005

**APPROVED AS TO FORM:**

ATTORNEY FOR PLAINTIFFS, REGENIA BROOKS AND BRUCE BROOKS

BY: *[signature]*

KAREN D. WEBSTER, #011723
Attorney for Plaintiffs
1331 Union Avenue, Suite 744
Memphis, TN 38104-3521
(901) 507-7577
(901) 507-7581-fax


ATTORNEY FOR DEFENDANT, GMRI, INC. d/b/a THE OLIVE GARDEN

BY: *[signature]*

Jay M. Atkins, #21371
Leitner, Williams, Dooley & Napolitan, PLLC
254 Court Avenue, Second Floor
Memphis, TN 38103
(901) 527-0214
(901) 527-8224

EXHIBIT A

## NONDISCLOSURE AGREEMENT

My name is_____. My residence address and telephone number are _____and my business address and telephone number are_____.

I have received and read and I fully understand the provisions of the Protective Order that has been entered by the Court in *Regenia Brooks and Bruce Brooks v. Olive Garden Italian Restaurant-1553 and GMRI, Inc.* (GMRI, Inc. d/b/a The Olive Garden), Case No. 05--cv-02646-SHM-dkv, in the United States District Court for the Western District of Tennessee, Western Division. I understand the meaning of the terms "disclose," "disclosure," and "confidential information" which are used in the Protective Order.

I agree to strictly comply with the terms of that Order. I will not disclose, in whole or in part, any "confidential information," whenever obtained, in any form to persons other than those specifically authorized by the Protective Order; and I will not use any "confidential information" other than for purposes of this litigation. I will take all necessary steps to prevent the accidental disclosure of "confidential information."

My pledge of confidentiality under this agreement continues after the lawsuit is over. I understand that violation of the Protective Order or this Nondisclosure Agreement may constitute unreasonable conduct warranting the imposition of sanctions by the Court.

_____
Signature

_____
Print Name

Date: _____

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CV-02646 was distributed by fax, mail, or direct printing on October 31, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Jay Marshall Atkins
LEITNER WILLIAMS DOOLEY & NAPOLITAN-Memphis
254 Court Ave.
Second Floor
Memphis, TN 38103

Karen Denise Webster
DOCUMENTS ET CETERA, INC.
1331 Union Ave.
Ste. 744
Memphis, TN 38104--352

Honorable Samuel Mays
US DISTRICT COURT